# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

GERARDO SOLIS-TENORIO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 09-cv-1021-RSM-JPD
06-cr-0281-RSM-2

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Gerardo Solis-Tenorio, a federal inmate, has filed a 28 U.S.C. § 2255 motion, Dkt. No. 1, which seeks to correct, vacate or set aside the 60-month sentence imposed following his October 2006 guilty plea to one count of distribution of methamphetamine. Respondent United States of America has filed a response opposing the motion. Dkt. No. 7. Petitioner did not file a reply. After careful consideration of the motion, the government's response, all governing authorities, and the balance of the record, the Court recommends that the motion be DENIED and this case DISMISSED with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## II. FACTS AND PROCEDURAL HISTORY

### A. Petitioner's Criminal Case

According to Petitioner's plea agreement, he was contacted in August 2006 by his co-defendant Chadwick Holden, who requested that Petitioner obtain a pound of methamphetamine for sale to Holden's customer. Dkt. No. 7, Exh. C. Petitioner contacted his drug supply sources and obtained the methamphetamine. *Id.*

On August 10, 2006, pursuant to prearrangement, Petitioner drove Holden and the methamphetamine to a parking lot in Kent, Washington where the drug deal was to happen. *Id.* Holden left the vehicle with the methamphetamine while Petitioner waited in the vehicle. Petitioner and Holden were then arrested. *Id.* Petitioner was expecting to receive approximately $1,500 for his part in helping to complete the drug deal. *Id.*

On August 16, 2006, Petitioner was indicted for conspiracy to distribute methamphetamine (Count 1) and distribution of methamphetamine (Count 2). Dkt. No. 7, Exh. B. Both counts carried a mandatory minimum sentence of five years. *See* 21 U.S.C. § 841(b)(1)(B).

### B. Petitioner's Guilty Plea and Sentence

On October 18, 2006, Petitioner entered a guilty plea to Count 2, distribution of methamphetamine. Dkt. No. 7, Exh. C.

At sentencing, the defense requested a sentence of 60 months, which was 10 months below the low end of the Sentencing Guidelines range. Dkt. No. 7, Exh. E. The government joined in the request for 60 months, noting that it was reasonable and the mandatory minimum sentence. Dkt. No. 7, Exh. F. On January 12, 2007, Petitioner was sentenced by the Honorable Ricardo S. Martinez to 60 months' imprisonment. Dkt. No. 7, Exh. D.

### C. Direct and Collateral Review

Petitioner did not file a direct appeal. He filed the instant § 2255 motion for a writ of habeas corpus on July 20, 2009. Dkt. No. 1. Petitioner is presently incarcerated in the

California City Correctional Center in California City, California. His projected release date is December 17, 2010. *See* Federal Inmate Locator, *available at* http://www.bop.gov/iloc2/LocateInmate.jsp (last visited September 30, 2009).

## III. DISCUSSION

As his sole basis for habeas relief, Petitioner alleges that he is entitled to a reduction in the length of his sentence because at the time of his sentencing he was eligible for a two-level downward departure based on his status as a deportable alien. Dkt. No. 1.

A. <u>Petitioner's § 2255 Motion is Untimely</u>.

The federal habeas statute contains a one-year limitations period on § 2255 motions which runs from the latest of four specified events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). An unappealed conviction becomes final when the time for filing a direct appeal expires. *See Clay v. United States*, 537 U.S. 522, 527-28 (2003) (judgment of conviction becomes final for the purpose of 28 U.S.C. § 2255 when the defendant's opportunity for direct appeal of his conviction has been exhausted); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (same).

Here, Petitioner was sentenced on January 12, 2007 and judgment was entered that same day. Dkt. No. 7, Exh. D. He did not file a direct appeal. Therefore, the conviction became final 10 days later on January 22, 2007. *See* Fed. R. App. Pro. 4(b)(1) (in a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the

REPORT AND RECOMMENDATION
PAGE - 3

entry of judgment). As a result, the one-year statute of limitations under § 2255 ended on or about January 22, 2008. However, Petitioner did not file the instant § 2255 motion until July 20, 2009, nearly 18 months later. Petitioner has not provided any reason for his failure to timely file his § 2255 motion. Accordingly, his motion is untimely and procedurally barred.

## IV. CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's § 2255 motion be DENIED and this case DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 1st day of October, 2009.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge